## THE STATE *v.* CLARK.

[No. 5,860. Filed January 9, 1906.]

CRIMINAL LAW.—*Indictment and Information.—Amendments.— Statutes.*—The criminal code of 1905 (Acts 1905, p. 584) does not apply to prosecutions begun prior to its taking effect; and where an affidavit, in an appeal from a justice of the peace, is quashed in the circuit court, such affidavit being filed before the taking effect of said act of 1905, the State has no right to amend such affidavit under said act of 1905 (Acts 1905, pp. 584, 622, §172).

From Grant Circuit Court; *H. J. Paulus,* Judge.

Prosecution by the State of Indiana against Mamie Clark. From a judgment quashing the affidavit, the State appeals. *Appeal not sustained.*

*Charles W. Miller,* Attorney-General, *William C. Geake, C. C. Hadley* and *L. G. Rothschild,* for the State.

*Todd & Rauch* and *Manly & Stricler,* for appellee.

ROBINSON, J.—Appellee was prosecuted before a justice of the peace for a criminal offense, charged to have been committed on or about March 16, 1905, and upon a trial by jury a verdict of guilty was returned, and a fine assessed. An appeal was taken to the circuit court, and on April 27, 1905, appellee's motion to quash the affidavit was sustained, and leave was asked and granted to amend. Afterward, May 1, 1905, the seventh judicial day of the April term, 1905, the prosecuting attorney "asks leave to file an amended affidavit, and offers to file same, to which the defendant at the time objects; which said affidavit reads in the words and figures following, to wit." This is followed by copy of the affidavit offered to be filed. Afterward, on the fifty-ninth day of the same term, the court "overrules the request of the prosecuting attorney to amend the affidavit, to which ruling of the court the State at the time excepts; and five days' time is given within which to prepare and file a bill of exceptions. And said defendant, Mamie Clark, is discharged from custody. And now said plaintiff prays an appeal."

The offense was committed and prosecution begun before the criminal code of 1905 (Acts 1905, p. 584) was in force. The offer to file the amended affidavit was made while appellee was still in custody under the proceedings originally commenced. It can not be said that the offer to file the affidavit was the beginning of a new prosecution. The offer to amend was not made until after the motion to quash had been sustained. At that time there was no affidavit on file which could be amended. The right to amend a complaint after a demurrer has been sustained exists by virtue of the statute. While the right is given by statute to amend an information and affidavit (§1804 Burns 1901, §1735 R. S. 1881), the statute does not give this right

after a motion to quash has been sustained. In such case the following provision is made by §1829 Burns 1901, §1760 R. S. 1881: "If the motion to quash be sustained. the defendant shall not be discharged, unless the court should be of the opinion that the objection can not be avoided by a new indictment or by a new or amended information and affidavit. And in case an indictment is quashed, the court shall direct the case to be resubmitted to the grand jury which found the indictment, or to another grand jury, or the court may direct the prosecuting attorney to prepare and file an information, upon a proper affidavit, against the defendant, charging him with the offense in proper form; and like proceedings shall be had in case an information is quashed, and the same can not be amended without a new affidavit. And the court must detain the defendant in custody, or recognize him with sufficient surety, if the offense be bailable, to answer to the offense, and, if necessary, recognize the witnesses to appear and testify."

This section requires an information and affidavit. It does not appear that these requirements were complied with. A new affidavit was offered, but no offer was made to file an information and a new affidavit. The criminal code of 1905 (Acts 1905, p. 584, §172, §1813 Burns 1905) requires the filing of an affidavit only, and dispenses with the information; but, as the prosecution was under the old code, the filing of an information and affidavit both was necessary to give the circuit court jurisdiction.

Appeal not sustained.